NORMAN v. CARTER et al.

(*Supreme Court, General Term, First Department.*   May 18, 1888.)

1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.
    In an action against two defendants on an alleged joint contract, where the evidence is conflicting as to whether one of the defendants was a party to such contract, a verdict against both defendants will not be disturbed on appeal.
2. PRACTICE IN CIVIL CASES—DISMISSAL—FAILURE TO PROVE JOINT CONTRACT.
    A motion to dismiss an action brought against two defendants jointly because no joint contract, as alleged in the complaint, has been proved, is properly refused where there may be a recovery against one of the defendants.
3. SAME—DISMISSAL—PROOF OF JOINT CONTRACT—EVIDENCE.
    A motion to dismiss an action as to one of two defendants, sued on an alleged joint contract, on the ground that he has been shown to be a surety, is properly refused, where there is some evidence that he is a party to the contract.

Appeal from circuit court, New York county.

Action brought by Helen Norman against Henry Carter and another.   Verdict and judgment for plaintiff, and from an order denying their motion for a new trial defendants appealed.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Macfarland, Boardman & Platt,* for appellants.   *S. B. Hamburger,* for respondent.

VAN BRUNT, P. J.   The plaintiff in this action sued to recover the amount of $600 as salary for the year commencing on the 1st of May, 1883, and ending on the 1st of May, 1884, as a choir singer of Plymouth Church.   The defendants answered separately, each putting in substantially a general denial. Upon the trial the plaintiff testified to certain conversations had with the defendant Carter, and also to certain conversations had with the defendant Carrothers, claiming that, during such conversations, the contract had been made alleged in the complaint.   The defendants denied these portions of the conversation which tended to establish the making of a contract, and, upon the completion of the evidence in the case, the defendants moved to dismiss the complaint upon the ground that it alleged a joint contract of employment between the parties, and no such contract had been proved.   The defendants'

counsel also moved to dismiss the complaint against the defendant Carrothers upon the ground that the only evidence against him was a guaranty if Mr. Carter employed the plaintiff. This motion was denied, and an exception taken. The learned judge then submitted the question to the jury as to whether a contract had been entered into between the plaintiff and either Carter or Carrothers, and also the question as to whether, if such contract was established, the defendant Carter was justified in discharging her from her employment. The jury found in favor of the plaintiff upon all these questions against both defendants.

There seems to be no question 'but that the plaintiff's evidence was sufficient, if they believed it, to justify the jury in finding a contract made between the plaintiff and Carrothers. She swore explicitly that he engaged her by a parol contract; that a written contract was spoken of, but it was not thought necessary. The evidence against the defendant Carter, however, is not by any means so distinct or convincing. It was entirely consistent with the idea that the question of a contract was to be left in abeyance, and that the engagement was to be made by Mr. Carrothers, and not by Mr. Carter. No exception, however, was taken during the progress of the trial to raise this question, as it seems to have been conceded that, if any contract whatever was established, Mr. Carter was responsible upon it. The only motion to dismiss was based upon the ground—*First*, that it was a joint contract; and, *secondly*, that as to Mr. Carrothers he was shown simply to be a surety. The objection that no joint contract had been proven did not justify the dismissal of the complaint, because, if a contract with either was shown, such motion was properly denied, as a recovery might be had against either one of the defendants who might be found to have made such a contract. If a motion to dismiss had been made as to Carter, then this question would have arisen. The evidence in the case shows, if the plaintiff's statement is to be believed,—and it would appear that the jury believed it,—that there was an engagement between Carrothers and the plaintiff; and, such being the case, the motion to dismiss as to him was properly denied. There was nothing to show that he was to be a mere surety. The whole tendency of the evidence showed, if any contract was made at all, that he was to be the contracting party. The jury having found the question of fact in favor of the plaintiff upon evidence, which is sufficient to sustain their verdict upon this appeal, we cannot disturb the same. The judgment and order appealed from should be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concur.